UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

DEBRA M. COWLEY,
    Plaintiff

V.

AMERICAN CANADIAN CARIBBEAN
LINE, INC.,
    Defendant

Civil Action

No. 05 10634 NG

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for her complaint states:

### General Factual Allegations

1. The Plaintiff, DEBRA M. COWLEY, is a resident of Ione, State of Washington.

2. The Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., is a corporation, duly organized and existing under the laws of the State of Rhode Island.

3. On or about 2004, the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., was doing business in the Commonwealth of Massachusetts.

4. On or about March 5, 2004 and March 18, 2004, the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., was doing business within the Commonwealth of Massachusetts.

5. On or about March 5, 2004 and March 18, 2004, the Plaintiff, DEBRA M. COWLEY, was employed by the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC.

6. On or about March 5, 2004 and March 18, 2004, the Plaintiff, DEBRA M. COWLEY, was employed by the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., as a seaman, and a member of the crew of the M/V GRANDE MARINER.

7. On or about March 5, 2004 and March 18, 2004, the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., owned the M/V GRANDE MARINER.

8. The Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., chartered the M/V GRANDE MARINER from some other person or entity such that on or about March 5, 2004 and March 18, 2004 the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., was the owner pro hac vice of the M/V GRANDE MARINER.

9. On or about March 5, 2004 and March 18, 2004, the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., operated the M/V GRANDE MARINER.

10. On or about March 5, 2004 and March 18, 2004, the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., or the Defendant's agents, servants, and/or employees, controlled the M/V GRANDE MARINER.

11. On or about March 5, 2004 and March 18, 2004, the M/V GRANDE MARINER was in navigable waters.

12. On or about March 5, 2004 and March 18, 2004, while in the in the performance of her duties in the service of the M/V GRANDE MARINER, the Plaintiff, DEBRA M. COWLEY, sustained personal injuries.

13. Prior to and at the time she sustained the above-mentioned personal injuries, the Plaintiff, DEBRA M. COWLEY, was exercising due care.

### Jurisdiction

14. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

### COUNT I

### DEBRA M. COWLEY v. AMERICAN CANADIAN CARIBBEAN LINE, INC.

(JONES ACT NEGLIGENCE)

16. The Plaintiff, DEBRA M. COWLEY, reiterates the allegations set forth in paragraphs 1 through 15 above.

17. The personal injuries sustained by the Plaintiff, DEBRA M. COWLEY, were not caused by any fault on her part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

18. As a result of said injuries, the Plaintiff, DEBRA M. COWLEY, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

19. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, DEBRA M. COWLEY, demands judgment against the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00), together with interest and costs.

## COUNT II

### DEBRA M. COWLEY v. AMERICAN CANADIAN CARIBBEAN LINE, INC.

(GENERAL MARITIME LAW - UNSEAWORTHINESS)

20. The Plaintiff, DEBRA M. COWLEY, reiterates the allegations set forth in paragraphs 1 through 15 above.

21. The personal injuries sustained by the Plaintiff, DEBRA M. COWLEY, were due to no fault of hers, but were caused by the Unseaworthiness of the M/V GRANDE MARINER.

22. As a result of said injuries, the Plaintiff, DEBRA M. COWLEY has, suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

23. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, DEBRA M. COWLEY, demands judgment against the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00), together with interest and costs.

## COUNT III

### DEBRA M. COWLEY v. AMERICAN CANADIAN CARIBBEAN LINE, INC.

(GENERAL MARITIME LAW - MAINTENANCE and CURE)

24. The Plaintiff, DEBRA M. COWLEY, reiterates all of the allegations set forth in Paragraphs 1 through 15 above.

25. As a result of the personal injuries described in paragraph 12 above, the Plaintiff,

DEBRA M. COWLEY, has incurred and will continue to incur expenses for her maintenance and cure.

WHEREFORE, the Plaintiff, DEBRA M. COWLEY, demands judgment against the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), together with costs and interest.

### COUNT IV

### DEBRA M. COWLEY vs. AMERICAN CANADIAN CARIBBEAN LINE, INC.

(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT
FAILURE TO PROVIDE MAINTENANCE and CURE)

26.     The Plaintiff, DEBRA M. COWLEY, reiterates the allegations set forth in paragraphs 1 through 15 above.

27.     As a result of the personal injuries described in paragraph 11 above, the Plaintiff, DEBRA M. COWLEY, has incurred and will continue to incur expenses for her maintenance and cure.

28.     The Plaintiff, DEBRA M. COWLEY, has made demand upon the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., for the provision of maintenance and cure.

29.     The Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

30.     As a result of the Defendant's failure to provide the Plaintiff maintenance and

cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from her usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, DEBRA M. COWLEY, demands judgment against the Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN COUNTS, I, II, III AND IV.

Respectfully submitted for the
the Plaintiff, DEBRA M. COWLEY,
by her attorney,

Carolyn M. Latti, BBO 567394
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 3-29-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)____DEBRA M. COWLEY V. AMERICAN CANADIAN CARIBBEAN LINE, INC.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   _X_   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   NONE

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO X☐

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO X☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO X☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO X☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐       Central Division ☐       Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐       Central Division ☐       Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __CAROLYN M. LATTI, LATTI & ANDERSON LLP
_ADDRESS____30-31 Union Wharf, Boston, MA 02109
TELEPHONE NO. (617) 523-1000

(Coversheetlocal[1].wpd - 10/17/02)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
DEBRA M. COWLEY

**DEFENDANTS**
AMERICAN CANADIAN CARIBBEAN LINE, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
CAROLYN M. LATTI, BBO 567394, LATTI & ANDERSON LLP
30-31 UNION WHARF, BOSTON, MA 02109 (617) 523-1000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties IN Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment Of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☒ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury — Med Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ref. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Magistrate Proceeding
- ☒ Original State Court
- ☐ 2 Removed from Appellate Court
- ☐ 3 Remanded from Reopened
- ☐ 4 Reinstated or (Specify)
- Transferred from ☐ 5 another district Litigation
- Appeal to District ☐ 7 Judge from
- ☐ 6 Multidistrict Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) Merchant Marine Act of 1920 commonly called the Jones Act, 46 USC, Sec 688 et. seq., 28 USC, Sec. 1331, 28 USC Sec 1332 and 28 USC Sec 1333

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $1,500,000.00

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 3-29-05    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____