```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

                                          CIVIL ACTION
                                          NO. 05-10634-NG

**DEBRA M. COWLEY,**
    **Plaintiff,**

**VS.**

**AMERICAN CANADIAN CARIBBEAN**
**LINE, INC.,**
    **Defendant.**

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the defendant, American Canadian Caribbean Line, Inc.'s, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and files its Answer to Plaintiff's Complaint and Demand for Jury Trial.

### GENERAL FACTUAL ALLEGATIONS

1. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 and therefore denies same.

2. The defendant admits the allegations contained in Paragraph No. 2.

3. The defendant denies the allegations contained in Paragraph No. 3.

4. The defendant denies the allegations contained in Paragraph No. 4.

5. The defendant admits that plaintiff was employed by defendant on March 5, 2005 and March 18, 2004.

6. The defendant admits the allegations contained in Paragraph No. 6.

7. The defendant denies the allegations contained in Paragraph No. 7.

8. The defendant admits the allegations contained in Paragraph No. 8.

9. The defendant admits the allegations contained in Paragraph No. 9.

10. The defendant admits the allegations contained in Paragraph No. 10.

11. The defendant admits the allegations contained in Paragraph No. 11.

12. The defendant denies the allegations contained in Paragraph No. 12.

13. The defendant denies the allegations contained in Paragraph No. 13.

**JURISDICTION**

14. The allegations contained in Paragraph No. 14 are allegations of law requiring no answer, but to the

      extent that an answer is required, the defendant denies the allegations contained therein.

15. The allegations contained in Paragraph No. 15 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

## COUNT I

**Debra M. Cowley v. American Canadian Caribbean Line, Inc.**

**(JONES ACT NEGLIGENCE)**

16. The defendant realleges and reaffirms its responses to the truth of the allegations set forth in Paragraphs Nos. 1 through 15 inclusive and incorporates same as if fully set out herein.

17. The defendant denies the allegations contained in Paragraph No. 17.

18. The defendant denies the allegations contained in Paragraph No. 18.

19. The allegations contained in Paragraph No. 19 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

      **WHEREFORE**, the defendant prays that this Honorable Court dismiss Count I together with costs and reasonable attorney's fees.

## COUNT II

**Debra M. Cowley v. American Canadian Caribbean Line, Inc.**

**(GENERAL MARITIME LAW - UNSEAWORTHINESS)**

20. The defendant realleges and reaffirms its responses to the truth of allegations set forth in Paragraphs Nos. 1 through 15 inclusive and incorporates same as if fully set out herein.

21. The defendant denies the allegations contained in Paragraph No. 21.

22. The defendant denies the allegations contained in Paragraph No. 22.

23. The allegations contained in Paragraph No. 23 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

**WHEREFORE**, the defendant prays that this Honorable Court dismiss Count II together with costs and reasonable attorney's fees.

## COUNT III

**Debra M. Cowley v. American Canadian Caribbean Line, Inc.**

**(GENERAL MARITIME LAW – MAINTENANCE & CURE)**

24. The defendant realleges and reaffirms its responses to the truth of the allegations set forth in

Paragraphs Nos. 1 through 15 inclusive and incorporates same as if fully set out herein.

25. The defendant denies the allegations contained in Paragraph No. 25.

**WHEREFORE**, the defendant prays that this Honorable Court dismiss Count III together with costs and reasonable attorney's fees.

### COUNT IV

**Debra M. Cowley v. American Canadian Caribbean Line, Inc.**

**(GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE & CURE)**

26. The defendant realleges and reaffirms its responses to the truth of the allegations set forth in Paragraphs Nos. 1 through 15 inclusive and incorporates same as if fully set out herein.

27. The defendant denies the allegations contained in Paragraph No. 27.

28. The defendant denies the allegations contained in Paragraph No. 28.

29. The defendant denies the allegations contained in Paragraph No. 29.

30. The defendant denies the allegations contained in Paragraph No. 30.

**WHEREFORE**, the defendant prays that this Honorable Court dismiss Count IV together with costs and reasonable attorney's fees.

### AFFIRMATIVE ANSWERS

The defendant incorporates the following Affirmative Defenses into each and every Count in its Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to state a cause of action upon which relief can be granted under Counts I, II and III of Plaintiff's Complaint.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance because it has been fully satisfied and/or due to the willful misconduct by the plaintiff.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to cure because it has been fully satisfied and/or due to the willful misconduct of the plaintiff.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that, if the injury

occurred, which is specifically denied, the plaintiff reached maximum medical improvement for the condition which she allegedly sustained onboard the vessel and therefore is now beyond the defendant's responsibility for maintenance and cure.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained personal injuries as alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained injury as alleged, which is specifically denied, those injuries were the result of an Act of God for which the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of her work reasonably to be required of a seaman of the plaintiff's experience and not due to any negligence or fault on the part of the

defendant nor any person or persons for whom the defendant may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendant, 46 USCA, Appx. § 183 (b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that this Honorable Court lacks jurisdiction on the basis that the claim was settled prior to the institution of litigation.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that this Honorable Court lacks venue pursuant to 46 U.S.C. § 688, et. seq.

**WHEREFORE**, the defendant prays that this Honorable Court dismiss Plaintiff's Complaint and Demand for Jury Trial with costs and reasonable attorney's fees.

**THE DEFENDANT CLAIMS TRIAL BY JURY ON ALL ISSUES RAISED IN PLAINTIFF'S COMPLAINT AND ITS ANSWERS   AND AFFIRMATIVE DEFENSES CONTAINED HEREIN, WITH THE EXCEPTION OF**

**LIMITATION OF LIABILITY WHICH IS UNIQUE FOR THE COURT'S DETERMINATION.**

        By its attorneys,

        **CLINTON & MUZYKA, P.C.**

        "/s/Robert E. Collins"
        Thomas J. Muzyka
        BBO NO: 365540
        Robert E. Collins
        BBO NO: 555843
        One Washington Mall
        Suite 1400
        Boston, MA 02108
        (617) 723-9165

Dated: July 8, 2005