UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10634-NG

**DEBRA M. COWLEY,**
    **Plaintiff,**

VS.

**AMERICAN CANADIAN CARIBBEAN**
**LINE, INC.,**
    **Defendant.**

### DEFENDANT'S MOTION TO DEPOSIT FUNDS IN COURT

Now comes the defendant, American Canadian Caribbean Line, Inc., in the above-entitled action, by and its attorney, and moves this Honorable Court pursuant to Rule 67 of the Federal Rules of Civil Procedure to deposit funds in the amount of $15,000.00 into the registry of the court. As a basis therefore, the defendant states the following:

    1.   This matter involves a personal injury action brought by Plaintiff, Debra M. Cowley, against Defendant, American Canadian Caribbean Line, Inc. The plaintiff maintains that she sustained injuries on March 5, 2004 and March 18, 2004 while employed as a member of the crew of the M/V GRANDE MARINER, owned and operated by Defendant, American Canadian Caribbean Line, Inc.

    2.   Prior to the initiation of suit, the claim was handled on behalf of the vessel underwriter by Mr. Brian

Morrissey of Marine Safety Consultants, Inc. On November 9, 2004, Mr. Morrissey had a conversation with Attorney Thomas J. Hunt in which it was indicated by Attorney Hunt that his client would accept $15,000.00 in settlement of the claim and advised Mr. Morrissey to forward the Releases as soon as possible. Attorney Hunt forwarded a correspondence to Mr. Morrissey on November 9, 2004, advising of his tax identification number and indicating "Thank you for your cooperation in resolving this matter." A copy of that correspondence is attached hereto as Exhibit 1. The Releases were forwarded by Mr. Morrissey to Attorney Hunt on November 11, 2004.

    3.   Apparently, the plaintiff became dissatisfied with the settlement and refused to execute the Release.

    4.   On March 29, 2005, suit was filed on behalf of the plaintiff by Carolyn Latti, Esquire of Latti & Anderson, LLP.

    5.   On July 1, 2005, the undersigned received correspondence from Thomas J. Hunt & Associates, claiming a lien for his services and expenses. A copy of that correspondence is attached hereto as Exhibit 2.

    6.   A Scheduling Conference was held before this Honorable Court on August 29, 2005. At that Scheduling Conference, the issue of settlement was discussed and this

Honorable Court requested defendant's advices whether that affirmative defense would be pressed.

7. On September 9, 2005, the undersigned forwarded correspondence to this Honorable Court, indicating that it does intend to press the settlement defense. The correspondence also indicated that defendant was advised by Attorney Carolyn Latti that she would be withdrawing her representation of plaintiff.

8. On October 4, 2005, the undersigned conferred with Attorney Carolyn Latti and she advised that the plaintiff indicated that she would accept the $15,000.00 payment conditioned on the check being made payable to "Debra M. Cowley." Plaintiff's attorney argued that it was unnecessary to put Attorney Hunt on the settlement check because Attorney Hunt did not have an attorney lien pursuant to state law because the matter had not been placed in suit during his representation.

9. Defendant is uncertain of its rights and is not agreeable to taking the risk of any further litigation concerning the attorney lien. Defendant has been placed on notice by Attorney Hunt of a claim for attorney lien.

10. Because of the conflicting claims concerning settlement and the rights to a settlement lien, the defendant prays this Honorable Court issue an order allowing

deposit of the settlement funds into the registry of the court pursuant to Rule 67 of the Federal Rules of Civil Procedure.  A proposed Order is attached hereto as Exhibit 3 for the Court's convenience.

    11.  The purpose of Rule 67 is to relieve the depositor of responsibility for a fund in dispute.  <u>Gulf State Utility Co. v. Alabama Power Co.</u>, 824 F.2nd 1465 (5th Cir. 1987). This will permit Attorney Hunt to present his claim for attorney lien and relieve defendant of any risk of liability for an undisputed settlement amount.

    WHEREFORE, the defendant prays this Honorable Court issue an order permitting payment of settlement funds in the amount of $15,000.00 into the registry of the court for a determination as to the claim of attorney lien by Attorney Hunt.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/Robert E. Collins"
**Thomas J. Muzyka**
**BBO NO. 365540**
**Robert E. Collins**
**BBO NO: 555843**
One Washington Mall
Suite 1400
Boston, MA 02108
(617)723-9165

**CERTIFICATE OF SERVICE**

Boston, Massachusetts                    October 13, 2005

    I, Robert E. Collins, attorney for Defendant, in the above entitled action, hereby certify that I served a copy of the within Motion and by mail, postage prepaid on Carolyn M. Latti, Esquire, Latti & Anderson, LLP, 30-31 Union Wharf, Boston, MA  02109 and Thomas J. Hunt, Esquire, 18 North Water Street, New Bedford, MA  02740.

                                          "/s/ Robert E. Collins"
                                          Robert E. Collins


Dated:  October 13, 2005

# EXHIBIT 1

LAW OFFICES
# THOMAS J. HUNT & ASSOCIATES
COUNSELLORS AT LAW AND PROCTORS IN ADMIRALTY
18 NORTH WATER STREET
NEW BEDFORD, MA 02740

(508) 994-7300
(617) 227-8081

(800) 441-4018
(508) 984-0755 FAX

VIA FACSIMILE (781) 963-9598

November 9, 2004

Brian Morrissey
Marine Safety Consultants
10 Mazzeo Drive
Suite 217
Randolph, MA 02368-3433

RE: Debra Cowley vs. M/V GRAND MARINER
DOI: March 5, 2004

Dear Brian:

Please be advised that our Tax ID# is 043259417. I look forward to receiving the Releases on the above matter on Thursday.

Thank you for your cooperation in resolving this matter.

Very truly yours,

Thomas J. Hunt

Thomas J. Hunt

TJH/nmc

EXHIBIT 1

# EXHIBIT 2

LAW OFFICES
# THOMAS J. HUNT & ASSOCIATES
COUNSELLORS AT LAW AND PROCTORS IN ADMIRALTY
18 NORTH WATER STREET
NEW BEDFORD, MA 02740

(508) 994-7300
(617) 227-8081

(800) 441-4018
(508) 984-0755 FAX

**RECEIVED**

JUL 0 5 2005

CLINTON & MUZYKA, P.C.

July 1, 2005

Thomas Muzyka, Esq.
CLINTON & MUZYKA, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108

RE:  Debra Cowley vs. M/V GRAND MARINER
DOI: March 2004

Dear Mr. Muzyka:

Please be advised that this firm represented Debra Cowley on the above-entitled matter and was discharged in March 2005.

During our representation, there was an outstanding settlement offer of $15,000 on her claim. It is my understanding that this claim has been entered into suit.

Notice is hereby given that I claim a lien for my services, in any judgment rendered therein for plaintiff. Further, we are entitled to our expenses on the claim. Therefore, do not under any circumstance issue a settlement check without this firm's name as payee.

If you have any questions, please contact me.

Thank you for your cooperation.

Very truly yours,

*Thomas J. Hunt*
Thomas J. Hunt

TJH/nmc

EXHIBIT 2

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10634-NG

DEBRA M. COWLEY,
    Plaintiff,

VS.

AMERICAN CANADIAN CARIBBEAN
LINE, INC.,
    Defendant.

### ORDER

Pursuant to Rule 67 of the Federal Rules of Civil Procedure, permission is hereby granted for Defendant, American Canadian Caribbean Line, Inc. to deposit funds by check in the amount of $15,000.00 into the registry of this Court.

Dated at Boston this ____ day of October, 2005.

_____
United States District Court Judge

By:

_____
Deputy Clerk